Turley J.
delivered the opinion of the court.
The question is, whether the proof in this case shows that the defendant is guilty of the offence of keeping a tippling house. The selling of spiritous liquors in any quantity, is not malum in se, but malum prohibitum, and we must look to the statute for the law on this- subject. By the act of 1779,-c. 10, § 3, (Caruther’s and Nicholson’s Rev. 507,) it is pro-tided that, “no person not having a license for keeping an ordinary, shall sell or retail liquors in smaller quantities than is by that act permitted, under the penalty of one hundred and twenty-five dollars for every offence, one half to the use of the State, the -other to the use of the informer.” Section twelve of the same statute provides that, “section third shall not be so construed, deemed or taken, as to prohibit or restrain any person to sell by retail, wine, rum, brandy, or other-spirits by the quart, or a greater quantity, provided, that the same be not intended to be drank on the plantation where the same was sold.” It is a principle of law, too well settled, to admit of controversy, that if an act creates an offence, and at the same time prescribes the punishment, none other can be' inflicted. The third section of the act referred to, makes it an offence to retail spirits in smaller quantities than therein prescribed by the' twelfth section of the same statute, and gives a quitam action for one hundred and twenty-five dollars, *355 This is thp •LUIS IS against any person who may be guilty thereof, only remedy to be pursued; it is given expressly, and the statute does not make the offence indictable.
But it is said by the Attorney General in argument, that, if a statute creates an offence, and in a different clause gives an action for a penalty, it shall be considered as an accumulative remedy, and that a bill of indictment -will -still lie for a misdemeanor upon the prohibitory clause of the statute. This is unquestionably the law, but that is not this case — here the third section of the statute creates the prohibition and gives the penalty, and the twelfth section is merely a proviso, excepting from the operation of the third, persons selling by the quart or greater quantity, not intended to be drank upon the plantation where sold, so that the offence and punishment are both contained in the same, and not in separate clauses. The fair construction of the statute then is this, if any person shall sell spiritous liquor by retail, in any quantities greater or less than a quart, if intended to be drank at the place where sold, or in quantities less than a quart, no matter where intended to be drank, he shall be liable to a penalty of one hundred and twenty-five dollars, but not to punishment by indictment.
The act of 1811, c. 113, § 2, provides, that any person who may retail liquors by a smaller measure than is pointed out'by the act of 1779, c. 10, without first having obtained a license, such persons shall be liable to an indictment for keeping a tippling house. What is the measure spoken of in the act of 1779, c. 10? We have seen it is a quart; then, in addition to the penalty given by that statute, this gives an indictment against all who may sell by a less measure than a quart, but not against those who may sell by the quart or larger measure. The act of 1823 provides, in section first, the mode in which license may be obtained, requiring that “no county court shall grant license to keep a public inn .or house of entertainment, unless the person applying for such license shall first prove in open court by the testimony of credible witnesses, that he is of good moral character, and that he is provided with bedding, stabling and horse room, for the accommodation of travellers and lodgers, and that in no case shall such license *356 granted, if the court should be of the opinion that the retailing of spinous liquors is the principal object in obtaining such license. By the second section it provides, that every person retailing spiritous liquors, without first obtaining a license, as directed by the first section of this act, shall be subject to the penalties now imposed by law on those who retail gpiritous liquors without license. What was the design of passing this statute ? Previous to its existence, a license might have been obtained for retailing spirits unconnected with an ordinary, the consequence was, that houses were established solely for the retailing o.f spiritous liquors.
. The legislature, believing that the cause of morals would be Subserved by confining the retailing of spirits to the keepers of prdinaries, whom they designed should be men of good moral character, and pursuing that occupation in good faith, created this law, the effect of which was to deprive all persons of the right to retail liquors, unless they were of the character required, ⅛ order to obtain a license to keep an ordinary, and had actually done so. The second section does not intend nor purport to create any new penalty or new offence; it merely provides, that if a person shall retail spiritous liquors without a license to keep an ordinary, he shall be subject to the pains and penalties precribed by law agaips.t those who thereafter retailed without a license for that purpose. Thus we have seen by the act of 1779, there is a penalty of one hundred and twenty-five dollars for retailing any quantity whatever, if to be consumed at the place where sold, for any quantity under a quart, no matter where to be consumed; and by the act of 1811, an indictment for retailing any quantity less than a quart. The act of 1823 then does not give an indictment against those who may retail spiritous liquors by the quart or greater quantity, without a license. There are several other statutes, regulating the mode of obtaining license to retail spiritous liquors, none of which, however, have any bearing on the subject under consideration, and therefore need not be noticed-.
From this view of the case, it will be seen that we are of opinion, that the offence proven is not indictable, and that the pourt below erred in .refusing a new trial.
Judgment reversed.